UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VENANCIO ALEJANDRO PONCE
TREJO,

       Petitioner,

  v.                           Case No.:  2:26-cv-00803-SPC-NPM

MATTHEW MORDANT *et al.*,

       Respondents,

                                   /

## OPINION AND ORDER

Before the Court are Venancio Alejandro Ponce Trejo's Amended Petition for Writ of Habeas Corpus (Doc. 16), the government's response (Doc. 17), and Ponce Trejo's reply (Doc. 18).  For the below reasons, the Court grants the petition.

Ponce Trejo is a native and citizen of Mexico who entered the United States without inspection in 2005.  He has a U.S. citizen daughter and no criminal record.  On March 2, 2026, Immigration and Customs Enforcement ("ICE") detained Ponce Trejo following a traffic stop.  Ponce Trejo was initially detained at Alligator Alcatraz, but ICE has moved him to the California City Corrections Center.  ICE has not commenced removal proceedings against Ponce Trejo or otherwise notified him why he is being detained.  Ponce Trejo

argues his detention violates the Fifth Amendment and the Immigration and Nationality Act.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Ponce Trejo's detention is not governed by § 1225(b)(2). But unlike the prior cases, Ponce Trejo's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). ICE has not commenced removal proceedings against Ponce Trejo, and the government presents no evidence that he is removable or that removal proceedings are forthcoming.

In short, Ponce Trejo has made a *prima facie* case that his detention lacks any legal justification, and the government presents no evidence to justify detention.

Accordingly, it is hereby

**ORDERED**:

Venancio Alejandro Ponce Trejo's Amended Petition for Writ of Habeas Corpus (Doc. 16) is **GRANTED**.

(1)    The respondents shall release Ponce Trejo within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

3